# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> GERARD E. LYNCH,
> > *Circuit Judge*,
> LEWIS A. KAPLAN,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                               No. 18-2352-cr

THOMAS J. MILLER, aka TJ,

      *Defendant-Appellant*.

---

For Defendant-Appellant:       Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

CERTIFIED COPY ISSUED ON 01/22/2020

| For Appellee: | Amy Busa, Elizabeth Macchiaverna, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
|---|---|

Appeal from a judgment entered on June 18, 2018, in the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and **REMANDED**.

Defendant-appellant Thomas J. Miller appeals the district court's judgment requiring him to pay $294,630 in restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Miller pleaded guilty to three counts of wire fraud arising out of a scheme whereby he would promise to deliver a luxury vehicle, collect payment from a victim, and then fail to deliver the vehicle or refund the money. In total, Miller collected $290,985 from three victims. The parties' plea agreement provided that Miller would pay $290,000 in restitution. The Presentence Report ("PSR") calculated the total loss amount as $294,630, chiefly because it included several thousand dollars allegedly spent by one victim on "expenses related to the investigation or prosecution of the offense." PSR ¶ 21. The district court, relying on *Lagos v. United States*, 138 S. Ct. 1684 (2018), rejected this higher figure and orally ordered restitution of $290,985.[1] The written judgment, however, incorporated the PSR's calculations and incorrectly stated the amount of restitution as $294,630. Miller appealed.[2]

---

[1] As both parties note, the sentencing transcript appears to state erroneously that the total amount of restitution is $290,983, rather than $290,985.

[2] Although Miller's notice of appeal was filed more than 14 days after judgment was entered, the government has waived any timeliness argument before this Court, and "a party's

"Where an unambiguous oral sentence conflicts with the written judgment, . . . the oral pronouncement of sentence must control." *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999). "When such a conflict exists, the proper remedy is to remand for amendment of the written judgment." *United States v. Jacques*, 321 F.3d 255, 263 (2d Cir. 2003).

Here, the written judgment does not reflect the sentence as orally pronounced. The government agrees that remand for correction of this error is appropriate.

Accordingly, we **AFFIRM** the sentence orally imposed by the district court and **REMAND** the case to the district court for it to amend the written judgment accordingly.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*[signature and seal]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature and seal]*

---

failure to satisfy [the time limits prescribed by] Rule 4(b) does not deprive this Court of jurisdiction." *United States v. Bradley*, 882 F.3d 390, 392 (2d Cir. 2018).